NOT FOR PUBLICATION                           [Docket Nos. 6 & 10]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL OKPOR and DORETTA OKPOR | |
| Plaintiffs, | Civil No. 05-5313(RMB) |
| v. | **OPINION** |
| DELIA OCASIO, et al., | |
| Defendants. | |

APPEARANCES:

David S. Rochman, Esq.
1930 South 70 East
Suite G39
Cherry Hill, NJ 08003
    Attorney for Plaintiffs

Steven D. Johnson, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
    Attorneys for Defendants DL Peterson Trust
    and Baldwin & Lyons Inc.

**BUMB**, United States District Judge:

**Introduction:**

The following motions are currently pending before the Court in the above captioned matter: DL Peterson Trust ("Trust") and Baldwin & Lyons Inc.'s ("Baldwin"), (hereinafter collectively referred to as "Defendants"), motion to dismiss Plaintiffs' Amended Complaint [Docket No. 6]; Plaintiffs' response in

opposition to Defendants' motion to dismiss and Plaintiffs' cross-motion to file a Second Amendment Complaint [Docket No. 10].  Additionally, Defendants' have requested sanctions pursuant to 28 U.S.C. § 1927 in their reply to Plaintiffs' response to Defendants' motion to the dismiss and cross-motion to amend the Complaint.

For the following reasons, Plaintiffs' motion for leave to file a Second Amended Complaint shall be granted and Defendants' motion to dismiss the Amended Complaint shall be denied as moot.  Defendants' motion for fees pursuant to 28 U.S.C. § 1927 also shall be denied.

**Background:**

On November 11, 2005, Plaintiffs Michael Okpor and Doretta Okpor, husband and wife, ("Okpors") filed a pro se Complaint in this Court against Defendants Delia Ocasio, DL Peterson Trust and Baldwin & Lyons Inc.  The Complaint alleged that on June 3, 2005, Michel Okpor was operating his automobile on Mickle Boulevard in Camden, New Jersey when it collided with an automobile owned by Defendant DL Peterson Trust and operated by Defendant Delia Ocasio.  Mrs. Okpor was not alleged to have been a passenger in the car.

Plaintiffs' Complaint raised three different counts related to the collision: 1) that the negligent operation of the

automobile resulted in "severe painful bodily injuries" to Michael Okpor; 2) that Michael Okpor "has and will in the future suffered the loss of usual services and consortium" as a result of his injuries; and 3) that Plaintiffs' automobile was severely damaged as a result of the collision.

On December 5, 2005, Defendant, Baldwin, responded to Plaintiffs' Complaint by filing a motion to dismiss. According to Baldwin's motion, Plaintiffs' Complaint was insufficient, inter alia, because the Complaint, while naming Baldwin as a Defendant, did not make "a single factual or legal allegation" against Baldwin and because the injured Plaintiff, Michael Okpor, sought damages "for his own loss of consortium arising from his own injury, a claim which is a legal nullity under the law of New Jersey." (Def.'s Mot. Dismiss at 1).

Following Baldwin's motion to dismiss, Plaintiffs (still appearing pro se) filed an Amended Complaint. The Amended Complaint added Brinks Truck as a Defendant and Count One of the Amended Complaint alleged that DL Peterson Trust and Brinks Truck owned the automobile that was negligently operated by Delia Ocasio resulting in the collision. Count Two alleged damage to the automobile and Count Three asserted a loss of consortium complaint on behalf of Doretta Okpor, Michael Okpor's wife.

In response, Defendants, both the Trust and Baldwin, moved to dismiss Plaintiffs' Amended Complaint on December 29, 2005.

According to Defendants, Plaintiffs' Amended Complaint did not "even attempt to cure or even address the legal and procedural defects that were the basis of Baldwin's Motion to Dismiss." (Def's Second Mot. Dismiss at 2). Defendants argued that the Amended Complaint was similarly defective as to the Trust except that the Amended Complaint made a "passing reference" to ownership by the Trust of one of the vehicles involved. Id.

On January 27, 2006, Plaintiffs, represented by counsel, filed opposition to Defendants' motion to dismiss and a cross-motion for leave to file a Second Amended Complaint. Plaintiffs' counsel's certification in support of its opposition to the motion to dismiss asserts that Defendants' counsel was "correct that there must be a cause of action made out against [D]efendant" and that the prosed Second Amended Complaint, attached thereto, "dismiss[es]" Baldwin from the litigation. (Pls.' Certification at ¶ 3).

In response to the Plaintiffs' opposition and cross-motion, Defendants argue that the allegations regarding the Trust contained in the proposed Second Amended Complaint are insufficient because they are based merely on a Police Report indicating that the Trust owned the truck involved in the collision. Plaintiffs argue that their Second Amended Complaint is sufficient as it relates to the Trust because the theory of liability is "predicated on respondents/superior [sic] and the

4

negligence of said superior." (Pls.' Br. Opp. at 2).  Defendants argue that the Report does not indicate that the operator of the truck was "the agent, servant or employee of the Trust" and therefore the Court is free to ignore it because "the Report does not support the pleaded averment." (Def.'s Reply at 2).

Defendants' reply also requests sanctions against Plaintiffs' counsel pursuant to 28 U.S.C. § 1927.  According to Defendants, Plaintiffs' counsel's failure to remove Baldwin from the suit prior to the proposed Second Amended Complaint required Defendants to unnecessarily file a second motion to dismiss in the matter despite discussions between counsel about extricating Baldwin from the case.  Defendants argue that instead of signing a stipulation of dismissal, Plaintiffs' counsel ignored Defendants' request and only conceded "left-handedly" in the proposed Second Amended Complaint that Baldwin was improperly a party to the action and should have been voluntarily dismissed.

**Discussion:**

Because there are several motions presently pending before this Court, each will be addressed in turn, beginning with the Plaintiffs' motion for leave to file a Second Amended Complaint.

<u>Motion for leave to file a Second Amended Complaint</u>

After consideration of Plaintiffs' motion for leave to file

a Second Amended Complaint and Defendants' response thereto, this Court will grant Plaintiffs' motion.

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of the court or by written consent if justice so requires." Fed. R. Civ. P. 15(a). The court should grant leave to amend freely absent concern of: 1) undue delay; 2) bad faith or dilatory motive; 3) continued failure to cure deficiencies by prior amendments; 4) undue prejudice to the opposition; or 5) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

In the instant case, Defendants do not claim any undue delay, bad faith or dilatory motive, continued failure to cure deficiencies or undue prejudice.  In fact, Defendants state that it does not "oppose [P]laintiffs' application for leave to file a Second Amended Complaint except to the extent the proposed Second Amended Complaint is inconsistent with [Defendants'] Motion and Reply." (Defs.' Reply at 3 n.5).  The proposed Second Amended Complaint is only inconsistent with Defendants' position in that it maintains a claim against the Trust.  Essentially, Defendants are making a futility argument with respect to the claims against the Trust.  Defendants argue that Plaintiffs' "boilerplate" negligent entrustment allegations are not properly supported by well-pleaded facts and that the Court should grant Defendants' motion to dismiss.

In determining whether the proposed amendment would be futile, the Court must apply the legal standard applicable to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Kounelis v. Sherrer, 396 F. Supp. 2d 525, 539 (D.N.J. 2005); Grillo v. BA Mortgage, LLC, 2004 U.S. Dist. LEXIS 20347 at *9 (E.D. Pa. Oct. 4, 2004).  For purposes of analyzing the proposed Second Amended Complaint pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in the Complaint as true and construe the Complaint in the light most favorable to the Plaintiff; "[t]he question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail."  Kounelis 396 F. Supp. 2d at 530-31.

Plaintiffs' proposed Second Amended Complaint states, in relevant part, that the accident at issue was caused by the Trust's negligence and carelessness in allowing an unsafe driver to operate its motor vehicle.  Defendants argue that this averment is supported merely by a Police Report that says "nothing other than it owned the truck" and that the Report does not say or imply that the operator of the truck was the agent, servant or employee of the Trust.  Defendants conclude that the Report does not support the averment against the Trust and is, thus, not a "well-pleaded" fact.

Despite Defendants' argument to the contrary, the Court, considering the contents of the proposed Second Amended Complaint and making all reasonable inferences in favor of the Plaintiffs, cannot conclude that there is no set of facts which Plaintiffs could prove that would entitle them to relief on the theory of negligent entrustment.  Therefore, the Court cannot say that the claim is futile.  Plaintiffs should be given the opportunity to conduct discovery in order to determine if the Trust, as owner of the vehicle, negligently entrusted said vehicle to its operator.  See Avatar Business Corp. v. Uni-Marts, Inc., 2006 U.S. Dist. LEXIS 44434 *25 (D.N.J. June 30, 2006) (stating that plaintiff should be entitled to conduct discovery where the court could not conclude there was no set of facts that would entitle plaintiff to recovery in a proposed amended complaint).  Because Plaintiffs' proposed Second Amended Complaint regarding the Trust does not appear to be futile, this Court will grant Plaintiffs' motion for leave to file a Second Amended Complaint.

Defendants' Motion to Dismiss

Defendants advance two arguments in their motion to dismiss. The first argument asserts that the Amended Complaint against Baldwin should be dismissed because said Complaint identifies no conduct or activity on Baldwin's part.  As the proposed Second Amended Complaint removes Baldwin from the matter, Defendants'

argument is moot.  Defendants also argue that the claims against the Trust must be dismissed because the Amended Complaint merely alleges ownership without allegations of control, direction or entrustment, which is insufficient as a matter of law.  Because Plaintiffs' proposed Second Amended Complaint alleges that the Trust negligently entrusted and failed to properly supervise its agent/employee, Defendants' arguments are no longer relevant.  Defendants motion to dismiss is therefore denied as moot.

Request for sanctions pursuant to 28 U.S.C. § 1927

The statute that provides for the sanctions at issue, 28 U.S.C. § 1927, provides, "An attorney... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."  Defendants assert that Plaintiffs' counsel behaved in an "unreasonable and vexatious manner" because said counsel did not remove Baldwin from the case until the proposed Second Amended Complaint despite earlier discussions between counsel regarding removing Baldwin from the litigation via Stipulation of Dismissal.  Instead of signing the Stipulation as discussed, Defendants claim that Plaintiffs' counsel ignored it, which required Defendants' counsel to file a second motion to dismiss unnecessarily.

While the Court is sympathetic to the Defendants'

frustration, it does not hold that counsel has acted to intentionally and unnecessarily delay and multiply the proceedings.  See Alphonso v. Pitney Bowes, Inc., 356 F. Supp. 2d 442 (D.N.J. 2005) (citations omitted).  While it is unfortunate that Plaintiffs' counsel did not stipulate to remove Baldwin from the matter, the proposed Second Amended Complaint does just that.

In order to impose sanctions the Court must find willful bad faith on the part of counsel.  Id. at 452.  Again, while Plaintiffs' counsel's delay in removing Baldwin from the matter is unfortunate, Defendants have not shown that Plaintiffs' counsel intentionally advanced a baseless contention; as stated above, Plaintiffs' counsel has removed Baldwin from the matter.

Moreover, even if Baldwin was removed via Stipulation, Defendants would still have had to file their motion to dismiss regarding the Trust.  All this being said, Plaintiffs' counsel should be aware that the Plaintiffs have now been given several opportunities to amend the Complaint and the Court will not entertain the advancement of baseless contentions.  If, during the course of discovery, it becomes clear that the Trust should no longer be a party to this matter, the Court expects Plaintiffs' counsel to take prompt, appropriate action.  Counsel should be aware that if such proper action is not taken, the Court will seriously consider a renewed request for sanctions.

**Conclusion:**

    For the aforementioned reasons, Plaintiffs' motion for leave to file a Second Amended Complaint is granted, Defendants' motion to dismiss is denied as moot and Defendants' motion for sanctions is also denied.

    An accompanying Order shall issue this date.


Dated: <u>August 24, 2006</u>        **s/Renée Marie Bumb**
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE